UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

ZEWAYNE DURLEY,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )          No. 2:06 CV 38 JCH
                                   )
ROY HARRISON and                   )
ROBERT BLISS,                      )
                                   )
            Defendants.            )

**MEMORANDUM AND ORDER**

      This matter is before the court upon the motions (a) of
defendants Roy Harrison and Robert Bliss to dismiss the action for lack
of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1), or in
the alternative to dismiss for failure to state a claim upon which
relief can be granted, pursuant to Rule 12(b)(6) (Doc. 16); and (b) of
plaintiff for leave to file an amended complaint (Doc. 29).

**I.   BACKGROUND**

      Plaintiff Zewayne Durley, a Missouri state prisoner, brings
this action under 42 U.S.C. § 1983, alleging violations of his civil
rights.  He commenced the action pro se in the Western District of
Missouri.  The action was transferred to this court.  The incidents
described in his complaint allegedly occurred at the Northeast
Correctional Center,[1] where defendants Harrison and Bliss are employed
as corrections officers.

      Plaintiff alleges that he was assaulted by defendants Harrison
and Bliss on or about January 17, 2005, while being escorted by them
from the facility's recreation yard.  The acts by the defendants

---

[1]Plaintiff is currently incarcerated at the Tipton Correctional
Center in Tipton, Missouri.

allegedly resulted in injury to plaintiff's face, hand, and back. Originally plaintiff named defendant Northeast Correctional Center as a defendant. However, after transfer, this court sua sponte dismissed without prejudice the claims against defendant Northeast Correctional Center (NECC).[2] (Doc. 6.)

Defendants argue, and the court agrees, that plaintiff's original complaint and the papers attached to it allege three claims for relief: (1) an unprovoked assault on plaintiff by the two named defendant corrections officers, (2) the failure of the institution to document his injuries by photograph or video record, and (3) "an unclear problem with NECC's policies regarding the report of such an assault." (Doc. 17 at 5.)

Plaintiff seeks the following relief:

> Examine abundance of witness statements & plaintiff's complaints, and documentations (sic) as to assaults, injuries, and abuses of power. Render justice on behalf of plaintiff, and award punitive damages to plaintiff because of crimes exacted upon him in the amount of $1,500,000.00, make sure this doesn't happen by law ever again.

(Doc. 1 at 4.) The institutional nature of the relief sought by plaintiff in the original complaint against the defendants is indicated in the papers he attached to the complaint:

> There needs to be a law made requiring these people to provide certain amounts of Policy & Procedure be reshelved (sic), as there is no clear-cut evidence of certain one's being an institutional security & custody risk. It's just an excuse for keeping the offender's from documented proof of civil rights violation claims, and preventing an offender/prisoner from due process/access to the court system via violation of laws & policies, and the like.

_____

[2]The court's order states that claims against NECC fail because NECC is only a facility with no legal identity. (Doc. 5 at 3.)

(Doc. 1 at 7.)

Defendants Harrison and Bliss present three grounds for dismissal: (1) defendants are immune from suit under the Eleventh Amendment; (2) plaintiff has not exhausted his administrative remedies; and (3) plaintiff alleges only a de minimis injury which is not redressable as a matter of law.

Plaintiff's claims (2) and (3), above, did not survive the dismissal of NECC as a party defendant. Plaintiff makes no allegation that the two named corrections officers were responsible for the failure to document his alleged injuries, or that they were responsible for NECC's policies in that regard. Therefore, the undersigned will apply defendants' arguments for dismissal only against plaintiff's claim in the original complaint that the named defendant corrections officers unlawfully assaulted him.

## II. DISCUSSION

### Immunity from Suit

The statute under which plaintiff brings suit provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. However, the Eleventh Amendment to the Constitution disallows suits against a state or one of its agencies in federal court absent consent to be sued. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The enactment of 42 U.S.C. § 1983 does not

- 3 -

alter the Eleventh Amendment immunity of states and their agencies. <u>See</u>
<u>Quern v. Jordan</u>, 440 U.S. 332, 338-49 (1979). Eleventh Amendment
immunity also applies when state officials are sued for damages in their
official capacities. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985).

Because plaintiff is litigating this action without counsel,
the court must construe his pleadings liberally. <u>Haines v. Kerner</u>, 404
U.S. 519, 520 (1972)("allegations of the pro se complaint, which we hold
to less stringent standards than formal pleadings drafted by lawyers").

Defendants Harrison and Bliss argue that plaintiff has sued
them only in their official capacities as corrections officers employed
by the State of Missouri, and therefore Eleventh Amendment immunity
requires that this court dismiss the suit for lack of jurisdiction.
(Doc. 17 at 3.) The Eighth Circuit has held that, a plaintiff must give
state agents adequate notice that claims are being asserted against them
in their individual capacity (with personal liability); to this end, the
plaintiff's complaint must clearly state that the defendants are being
sued in their individual capacity. <u>Larson v. Kempker</u>, 414 F.3d 936, 939
(8th Cir. 2005); <u>Murphy v. State of Ark.</u>, 127 F.3d 750, 755 (8th Cir.
1997); <u>Nix v. Norman</u>, 879 F.2d 429, 431-32 (8th Cir. 1989).

The court has carefully reviewed plaintiff's original
complaint and does not find anywhere in it a statement, sufficient for
adequate notice to the defendants, that they are being sued in their
individual capacity. Therefore, the court must consider that defendants
are being sued in their official capacity for the award of at least
punitive monetary damages, which is barred by the Eleventh Amendment.
Thus, plaintiff's claims against these individual defendants must be
dismissed with leave to amend to give plaintiff an opportunity to allege

specifically the capacity in which the individual defendants are being sued.

### Exhaustion of Grievance Procedures

In the alternative to dismissing the action for lack of jurisdiction, and because plaintiff will be granted leave to amend, the court considers the other arguments made by the defendants. Defendants argue that the action must be dismissed, because plaintiff has not exhausted his administrative remedies as to each of the three claims plaintiff makes in his pro se complaint. As set forth above, the only claim being asserted by plaintiff against the individual defendants in the original complaint is that they unlawfully assaulted him.

By the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e et seq., Congress requires prisoners to exhaust their prison grievance procedures before bringing a judicial action. Jones v. Bock, 127 S.Ct. 910, 914 (2007). To properly exhaust his remedies, a prisoner must exhaust the administrative remedies that are available in the custodial institution's procedures. 42 U.S.C. § 1997e(a). Jones v. Bock, 127 S.Ct. at 914, 922. The administrative remedy exhaustion requirement is an affirmative defense which, generally, is the burden of the defendant to plead and prove. Id. at 919. That said, however, if the plaintiff undertakes to allege facts regarding the exhaustion requirement, the complaint may be dismissed if the allegations, taken by the court as true, show that the plaintiff failed to comply with the exhaustion of remedies requirement. Id. at 920-21. Ultimately, if the complaint contains unexhausted claims and exhausted claims, the court may not proceed with the unexhausted claims. Id. at 918-19, 924. It

may, however, proceed with the exhausted claim(s) in "the more typical claim-by-claim approach."  Id. at 925.

Defendants advert to the plaintiff's original complaint, and the attached papers,[3] to show that plaintiff filed two grievances, designated NECC-05-79 and NECC-05-72.

In NECC-05-79, in his Informal Resolution Request (IRR) filed on January 20, 2005, plaintiff complained that, after he was handcuffed and "jumped" by the two corrections officers, his face and body were swollen.  The purpose of his IRR was to complain that his request that his injuries be photographed was refused and the relief he sought was to have such photographs made.  The response to the IRR was:

> You were assessed by the Medical Department immediately following the use of force.  Your condition was labeled good and your injuries were documented.  No further action is needed.

(Doc. 1 at 6.)  On February 1, 2005, plaintiff filed a grievance with the institution.  In it he stated:

> I was handcuff[ed] and jumped by 2 [correctional officers.]  My face was [swollen] and my body.  I put a kite in to the investigater (sic) to have pictures taken and was denied.  My wife and dad called and was told that I had them taken and Officer Harrison lied on  . . . .  He said I threatening him and that's why he locked me up.  But now he saying I threatening to kill him and another when I get out and that's why he throw me on my face but I did not say that.  I don't know when I'm getting out and when God Bless me to be out, something like that would be the last thing on my mind.  I just want some justice.  May God Bless.

(Id. at 7.)  On February 8, 2005, the grievance was responded to by the institution and denied.  The response stated:

---

[3]Under Federal Rule of Civil Procedure 10(c), documents attached to the complaint are considered parts of the pleading for any purpose.

The grievance office has received, reviewed, and investigated your complaint. You contend that you were jumped by two officers and your face and body were swollen. You request justice and this matter be investigated.

It has been determined that on January 17, 2005 CO I Bliss was escorting you from B-Rec to Housing Unit #1. CO I R. Harrison was following the escort. You were being loud and belligerent during the escort. As you passed through gate #30 and B-Yard you jerked away from the escorting officer CO I Bliss and lunged forward. CO I Bliss grasped your jacket and once again you attempted to jerk away from the escorting officer by lunging toward the officer in a threating (sic) manner. CO I Bliss placed you on the walkway to maintain control. He gave you several orders to stop resisting and after you stopped resisting CO I Bliss and CO I Harrison assisted you to your feet. The escort continued to housing unit #1 and you were strip searched and at the completion of the strip search CO I Bliss and CO I Harrison exited the cell and secured the door. Your wrist restraints were removed through the food port door opening and the food port door was then secured. A medical assessment was completed by LPN Garcia and noted that your injuries were a small abrasion on your right knee and a small contusion on the left side of your nose. I have investigated this matter and find that because you failed to comply with directives and being loud and belligerent during your escort your actions resulted in the Use of Force.

Based on the above, your grievance is denied.

Id. at 8.) Thereafter, plaintiff appealed the denial of the grievance.

Id. at 9.

In NECC-05-72, plaintiff filed an IRR on January 18, 2005. He alleged that on January 17, 2005, correctional officers Bliss and Harrison assaulted him while he was handcuffed. The relief plaintiff requested on the form was for the corrections officers to be fired and the write-up plaintiff received to be dropped "or lets go to court." The institution's response to the IRR was that the officers denied plaintiff's allegations, that an investigation found no evidence to

support his claims, other than the officers properly used force to control plaintiff. (Id. at 20-11.) On February 15, 2005, plaintiff filed a formal grievance on these facts which was denied on February 18, 2005. The reason for the denial of the grievance was that the same allegations were dealt with in NECC-05-79. The second grievance was considered a violation of the institution regulations, because it duplicated the earlier grievance. (Id. at 12.)

Defendants argue that plaintiff failed to exhaust his available administrative remedies, because he did not take the denial of his second grievance to a second appeal.

As set forth above in the court's consideration of the Supreme Court's ruling in Jones v. Bock, in complying with the requirement of exhaustion of available institutional remedies, the prisoner plaintiff must take the available remedies as he finds them. Given the procedures followed by plaintiff in his efforts to exhaust his available administrative remedies, the court cannot say that defendants have clearly established as an affirmative defense, based upon plaintiff's allegations, that plaintiff failed to comply with the exhaustion of remedies requirement.

Defendants' argument is without merit.

### De Minimis Injury

Defendants argue that the action must be dismissed because plaintiff's injury was so insignificant to be de minimis and not supportive of subject matter jurisdiction. The facts alleged by plaintiff indicate a substantial physical assault. The Eighth Circuit has stated, "it is possible for a use of force to be excessive and in violation of the Eighth Amendment, and yet result in injury having no

or only nominal monetary value."  <u>Foulk v. Charrier</u>, 262 F.3d 687, 701
(8th Cir. 2001).   As a basis for dismissal, defendant's argument
regarding the extent of plaintiff's injury is without merit.

**<u>Amendment of Complaint</u>**

Plaintiff has moved for leave to amend his complaint under
Fed. R. Civ. P. 15 (Doc. 29).   Leave to amend a complaint "shall be
freely given when justice so requires."   Fed. R. Civ. P. 15(a).   A
proposed amended complaint was filed with the court on January 29, 2007
(Doc. 30).   In the proposed amended complaint, plaintiff alleges the
previously asserted assault against defendants Harrison and Bliss.   The
proposed complaint also alleges facts occurring after the initial
assault.   Plaintiff's allegations are in three counts for assault and
battery, a violation of the Eighth Amendment,  and for negligent failure
to protect plaintiff, respectively.   The proposed complaint clearly
states that each of the individual defendants is being sued in his
individual and official capacities.   Whether or not these allegations,
filed pro se, are legally sufficient will not be determined at this
time.   It is enough that plaintiff is entitled to amend his complaint
and the motion to do so will be granted.

**<u>ORDER</u>**

For these reasons,

**IT IS HEREBY ORDERED** that the motion of plaintiff for leave to
file an amended complaint (Doc. 29) is sustained.   The amended complaint
submitted to the court as Document 30 shall be filed as the amended
complaint.

**IT IS FURTHER ORDERED** that the motion of defendants to dismiss
(Doc. 16) is sustained as to claims against the individual defendants

in their official capacity.  In all other respects the motion to dismiss

is denied.


Dated this <u>12th</u> day of March, 2007.


                                    /s/ Jean C. Hamilton
                                    UNITED STATES DISTRICT JUDGE